EMERGENCY MOTION FOR IMMEDIATE HEARING
AND COMPASSIONATE RELEASE

(18 U.S.C. § 3582(c)(1)(A); All Writs Act, 28 U.S.C. §
1651)

NOW COMES Petitioner Pierre Rashad Preston, Reg. No.
54173-509, pro se but under imminent medical peril, and
respectfully moves this Honorable Court for an emergency
hearing and immediate compassionate release. This request
is not routine — it is a matter of life and death. The Court's
swift intervention is the only thing standing between Mr.
Preston and preventable death from renal collapse and
septic failure while in Bureau of Prisons (BOP) custody.

## I. BASIS FOR EMERGENCY RELIEF

1       Mr. Preston has exhausted all administrative
remedies through the Warden, Regional Director, and
Central Office, receiving final denials that ratified falsified
medical records and denied urgent outside hospital
directives.

2       He now stands on a death trajectory: each day in
custody accelerates renal shutdown, recurrent sepsis, and
irreversible harm.

3       The Court's authority arises under 18 U.S.C. §
3582(c)(1)(A) (compassionate release) and, independently,
under the All Writs Act, 28 U.S.C. § 1651, which
empowers federal courts to issue orders "necessary or
appropriate in aid of their jurisdiction."

## II. MEDICAL EMERGENCY BEYOND DISPUTE

• Multiple hospitalizations in 2025 for sepsis and
acute kidney injury (AKI).

Outside specialists at Duke University Hospital ordered urgent urology follow-up at Triangle Urology within one week. BOP ignored this order.

•    Contraindicated Toradol repeatedly administered despite nephrology warnings, exacerbating renal failure.

•    Plaintiff urinated blood, collapsed in his housing unit, and was left on the floor for thirty minutes before action.

•    An officer later stated he was only to be "helped into bed and given Tylenol." Only after another inmate placed an outside call was Plaintiff transported to a hospital.

•    BOP laboratory staff, acknowledging systemic failures, told him: "Damn … they'll kill you in here."

This is not theoretical risk. This is active systemic neglect with foreseeable lethal outcome.

## III. CONSTITUTIONAL VIOLATIONS DEMANDING COURT INTERVENTION

•    Eighth Amendment: Carlson v. Green and Farmer v. Brennan establish liability for deliberate indifference to medical needs.

•    Fifth & Fourteenth Amendments: DeShaney (custodial duty to provide medical care) and Youngberg (professional judgment standard). Defendants abandoned both.

•    Due Process Reinforcement:Richmond v. Polk and Anderson v. Smith confirm inmates' right to expect BOP to follow its own policies. Those policies — Program Statement 6031.05 (specialist compliance) and Program Statement 1351.05 (medical records access) — were flagrantly violated.

•    Chevron Abrogation: Loper Bright v. Raimondo (2024) holds courts must interpret agency rules de novo. BOP's claim of "discretion" to override hospital orders is not entitled to deference.

•    First Amendment / Confidential Access: Officer Jones obstructed Plaintiff's right to private physician consultation at Duke ER.

## IV. WHY THE COURT MUST ACT NOW

1    Death Trajectory: This is not a speculative harm but an ongoing, accelerating decline. Delay equals death.

2    Inherent Authority: Under the All Writs Act, the Court must issue relief necessary to preserve life and jurisdiction. Without intervention, the purpose of § 3582(c)(1)(A) — compassionate release — is nullified.

3    Judicial Accountability: Continued silence, after knowledge of these facts, risks transforming the judiciary from neutral arbiter into unwilling accomplice to constitutional violations.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays this Court:

1    Immediate Hearing. Convene an emergency hearing within 48 hours to determine release conditions.

2    Compassionate Release. Order Mr. Preston's release under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling circumstances.

3    Protective Conditions. Require BOP to ensure safe transport and continuity of medical care until Plaintiff is released.

4    Alternative Relief. In the event the Court requires further briefing, issue an All Writs Order preserving Plaintiff's life by mandating immediate outside hospitalization and compliance with Duke University Hospital directives.

## VI. Evidentiary Foundation

30.    Pursuant to the Federal Rules of Evidence, the documentary exhibits attached to this motion are admissible and sufficient for the Court's review without the need for live testimony or external authentication.

31.    Under Rule 901(a), the requirement of authentication is satisfied by "evidence sufficient to support

a finding that the item is what the proponent claims it is." Medical records bearing identifying information (name, register number, dates of service, treating facility) satisfy this threshold.

32.     Moreover, Rule 902(11) and (12) expressly provide for self-authentication of certified domestic and foreign records of regularly conducted activity. Medical records produced and maintained in the ordinary course of treatment at Duke Regional Hospital, Granville Medical Center, and Bureau of Prisons Health Services are by their nature business records not requiring additional testimony.

33.     In addition, Rule 803(6) recognizes the "business records exception" to hearsay, admitting records of regularly conducted activity if they were made at or near the time by someone with knowledge, kept in the ordinary course, and are trustworthy. Mr. Preston's records from Duke and BOP fall squarely within this rule.

34.     The Supreme Court has repeatedly emphasized the sufficiency of documentary evidence in sentencing and compassionate release contexts. See United States v. Watts, 519 U.S. 148 (1997) (sentencing courts may consider reliable documentary evidence); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020) (courts independently assess "extraordinary and compelling reasons" on the record before them).

35.     Accordingly, the Court may rely upon Mr. Preston's attached hospital records, BOP medical files, and grievance documentation as properly authenticated, admissible, and sufficient to establish the factual foundation for this motion. The absence of a live physician affidavit is not a bar to relief under § 3582(c)(1)(A).

VI. CLOSING

"The Constitution does not permit a man to die of deliberate neglect in federal custody."

Mr. Preston's suffering is not abstract — it is visceral, documented, and daily. The evidence is overwhelming: falsified anesthesiology records, fabricated refusal narratives, repeated denial of outside specialist care, and admissions by staff themselves that "they'll kill you in

here.

This Court is the last safeguard. Every day of delay accelerates a preventable death. Justice requires that Mr. Preston be released not in weeks, not in days, but today.

*Pierre R. Preston*

Respectfully submitted,
Pierre Rashad Preston
Plaintiff, Pro Se
Reg. No. 54173-509
Butner Federal Prison Camp