**DECLARATION OF PIERRE RASHAD PRESTON**
(Pursuant to 28 U.S.C. § 1746 – No Notary Required)

I, Pierre Rashad Preston, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

——————

## I. Identity & Custody

1.    My name is Pierre Rashad Preston, Register No. 54173-509, currently incarcerated at FCI Butner, North Carolina, under the jurisdiction of the Bureau of Prisons ("BOP").

2.    I submit this declaration in support of my Emergency Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). This is not simply a request for leniency — it is a petition for survival.

——————

## II. Extraordinary Medical Condition

3.    Since January 2025, I have suffered repeated, unremitting episodes of acute pyelonephritis, urinary tract infections, and acute kidney injury (AKI).

4.    I have been hospitalized six separate times in 2025 alone for kidney infections, sepsis, and renal complications.

5.    Duke Regional Hospital and Duke specialists repeatedly documented the need for urology consults, nephrology follow-up, and cystoscopy under proper anesthesia. These orders were ignored, obstructed, or falsified by BOP staff.

6.    Instead of compliance, I was subjected to:
• Toradol injections re-administered despite nephrology warnings against use after AKI.
• Fabricated anesthesiology clearance charted, despite never being examined by an anesthesiologist.
• Manufactured refusal narratives, claiming I declined care I begged for.
• False call-out times, used to claim I failed to appear for

critical appointments.

7. These actions are not neglect. They are deliberate falsifications and obstructions that leave me in daily pain, urinating blood, with pressure in my back and abdomen, pain shooting into my penis and testicles, and recurrent septic symptoms.

————

III. Institutional Awareness of Risk

8. On June 11, 2025, laboratory technician T. Hargrove told me: "Damn, you again … last time it was for kidneys, wasn't it? … damn … they'll kill you in here."

9. This was not a threat — it was an admission. Staff themselves knew that inmates like me were at foreseeable risk of death from systemic medical neglect at FCC Butner.

10. On another occasion, Officer Jones found me collapsed on the floor in severe pain. He left me there for 30 minutes without assistance. Later, when I begged to speak privately to the Duke ER physician, Jones refused, citing "BOP policy."

11. Only when another inmate, Griggs, called outside for help was I finally transported to the hospital. By then, I had endured hours of worsening septic distress.

————

IV. Constitutional & Legal Stakes

12. The Supreme Court in Carlson v. Green, 446 U.S. 14 (1980), held that deliberate indifference to inmate medical needs is actionable.

13. In Farmer v. Brennan, 511 U.S. 825 (1994), the Court made clear that liability attaches when officials know of and disregard an excessive risk. Here, staff admitted the risk ("they'll kill you in here") and did nothing.

14. In DeShaney v. Winnebago DSS (1989), the Court recognized the State's duty to protect those in custody. Unlike Joshua DeShaney, I am fully incarcerated — unable to obtain care myself.

15. In Youngberg v. Romeo (1982), the Court held that civilly committed patients are entitled to professional judgment. If they are owed this standard, then surely I, a federal prisoner facing septic shock, am owed at least the

same:

16. In Richmond v. Polk (4th Cir. 2004) and Anderson v. Smith (8th Cir. 1983), courts held that prisoners have a due process right to expect the BOP to follow its own policies. I repeatedly requested compliance with Program Statement 6031.05 (outside referrals). Instead, staff fabricated refusals and blocked Duke's orders.

17. Finally, in Loper Bright v. Raimondo (2024), the Supreme Court ended Chevron deference. This means the BOP cannot reinterpret "referrals" or "recommendations" as optional. Courts must read Program Statements de novo. By plain language, outside hospital orders were mandatory.

_____

## V. Comparative Precedent – Why My Case Is Worse

18. In United States v. Beck (M.D.N.C. 2019), release was granted because cancer went undiagnosed until it metastasized.

19. My case is worse: six hospitalizations, falsified medical entries, fabricated anesthesiology clearance, and systemic obstruction of life-saving referrals.

20. In Beck, the harm was neglect. In my case, the harm is fraudulent obstruction with knowledge of lethal risk.

21. No precedent exists where a court tolerated this level of falsification and obstruction. That is why my case is precedent-defining.

_____

## VI. Death Trajectory

22. My kidneys are failing. I urinate blood. I experience unrelenting pain in my abdomen, groin, and back.

23. Doctors at Duke themselves confirmed I required urgent outside follow-up. The BOP refused.

24. Every day of delay pushes me closer to permanent renal failure or sepsis-induced death.

25. My sentence was not death. But without intervention, that is what it will become.

_____

## VII. Why the Court Must Act

26.     I have exhausted every administrative remedy. The Warden, Regional Director, and Central Office all denied relief, often using false information to justify denial.

27.     The Department of Justice itself has ratified these falsehoods by denying my appeals.

28.     This means the judiciary is my only hope. If the Court does not intervene, I will continue on this death trajectory until it ends in exactly what staff like Hargrove predicted: "they'll kill you in here."

29.     The Eighth Amendment, the Fifth Amendment, and the precedent of this very Circuit require more.

30.     This Court's silence would itself become complicity.

———

## VIII. Closing Declaration

31.     I am not asking for sympathy. I am asking for survival.

32.     I have served over 50% of my effective sentence when accounting for the First Step Act good-time credits and the Second Chance Act year. I have a release plan, a supportive family, and no risk to public safety.

33.     The law provides the mechanism, the evidence establishes the urgency, and the Constitution demands the result: immediate compassionate release.

———

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 19Th day of September, 2025.

———

Pierre Rashad Preston
Register No. 54173-509
FCI Butner, North Carolina