CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

SEP 2 2 2025

LAURA A. AUSTIN, CLERK
BY:
DEPUTY CLERK

**EMERGENCY MOTION FOR IMMEDIATE HEARING AND COMPASSIONATE RELEASE**
(18 U.S.C. § 3582(c)(1)(A); All Writs Act, 28 U.S.C. § 1651)

NOW COMES Petitioner Pierre Rashad Preston, Reg. No. 54173-509, pro se but under imminent medical peril, and respectfully moves this Honorable Court for an emergency hearing and immediate compassionate release. This request is not routine — it is a matter of life and death. The Court's swift intervention is the only thing standing between Mr. Preston and preventable death from renal collapse and septic failure while in Bureau of Prisons (BOP) custody.

## I. BASIS FOR EMERGENCY RELIEF

1    Mr. Preston has exhausted all administrative remedies through the Warden, Regional Director, and Central Office, receiving final denials that ratified falsified medical records and denied urgent outside hospital directives.

2    He now stands on a death trajectory: each day in custody accelerates renal shutdown, recurrent sepsis, and irreversible harm.

3    The Court's authority arises under 18 U.S.C. § 3582(c)(1)(A) (compassionate release) and, independently, under the All Writs Act, 28 U.S.C. § 1651, which empowers federal courts to issue orders "necessary or appropriate in aid of their jurisdiction."

## II. MEDICAL EMERGENCY BEYOND DISPUTE

•    Multiple hospitalizations in 2025 for sepsis and acute kidney injury (AKI).

•    Outside specialists at Duke University Hospital ordered urgent urology follow-up at Triangle Urology within one week. BOP ignored this order.

•    Contraindicated Toradol repeatedly administered

despite nephrology warnings, exacerbating renal failure.

- Plaintiff urinated blood, collapsed in his housing unit, and was left on the floor for thirty minutes before action.
- An officer later stated he was only to be "helped into bed and given Tylenol." Only after another inmate placed an outside call was Plaintiff transported to a hospital.
- BOP laboratory staff, acknowledging systemic failures, told him: "Damn … they'll kill you in here."

This is not theoretical risk. This is active systemic neglect with foreseeable lethal outcome.

## III. CONSTITUTIONAL VIOLATIONS DEMANDING COURT INTERVENTION

- Eighth Amendment: Carlson v. Green and Farmer v. Brennan establish liability for deliberate indifference to medical needs.
- Fifth & Fourteenth Amendments: DeShaney (custodial duty to provide medical care) and Youngberg (professional judgment standard). Defendants abandoned both.
- Due Process Reinforcement:Richmond v. Polk and Anderson v. Smith confirm inmates' right to expect BOP to follow its own policies. Those policies — Program Statement 6031.05 (specialist compliance) and Program Statement 1351.05 (medical records access) — were flagrantly violated.
- Chevron Abrogation: Loper Bright v. Raimondo (2024) holds courts must interpret agency rules de novo. BOP's claim of "discretion" to override hospital orders is not entitled to deference.
- First Amendment / Confidential Access: Officer Jones obstructed Plaintiff's right to private physician consultation at Duke ER.

## IV. WHY THE COURT MUST ACT NOW

1    Death Trajectory: This is not a speculative harm

but an ongoing, accelerating decline. Delay equals death.

2   Inherent Authority: Under the All Writs Act, the Court must issue relief necessary to preserve life and jurisdiction. Without intervention, the purpose of § 3582(c)(1)(A) — compassionate release — is nullified.

3   Judicial Accountability: Continued silence, after knowledge of these facts, risks transforming the judiciary from neutral arbiter into unwilling accomplice to constitutional violations.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays this Court:

1   Immediate Hearing. Convene an emergency hearing within 48 hours to determine release conditions.

2   Compassionate Release. Order Mr. Preston's release under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling circumstances.

3   Protective Conditions. Require BOP to ensure safe transport and continuity of medical care until Plaintiff is released.

4   Alternative Relief. In the event the Court requires further briefing, issue an All Writs Order preserving Plaintiff's life by mandating immediate outside hospitalization and compliance with Duke University Hospital directives.

## VI. CLOSING

"The Constitution does not permit a man to die of deliberate neglect in federal custody."

Mr. Preston's suffering is not abstract — it is visceral, documented, and daily. The evidence is overwhelming: falsified anesthesiology records, fabricated refusal narratives, repeated denial of outside specialist care, and admissions by staff themselves that "they'll kill you in here."

This Court is the last safeguard. Every day of delay

accelerates a preventable death. Justice requires that Mr. Preston be released not in weeks, not in days, but today.

Declaration: I declare the foregoing to be true and correct to best of my knowledge under the penalty of perjury. 28 U.S.C. Sec. 1746.

Respectfully submitted,

*Pierre R. Preston*

Pierre Rashad Preston
Plaintiff, Pro Se
Reg. No. 54173-509
Butner Federal Prison Camp

Date: ___19th___ September, 2025