**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**DANVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Case No.:   4:21-CR-15** |
| **v.** | ) | |
| | ) | |
| **PIERRE RASHAD PRESTON** | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S**
**MOTION FOR COMPASSIONATE RELEASE**

Comes now the United States of America, by counsel, and provides the following response to Pierre Rashad Preston's amended motion for compassionate release, ECF No. 81:

**BACKGROUND**

Preston was indicted by a grand jury in the Western District of Virginia on July 28, 2021 with one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, marijuana, and cocaine, two counts of distribution of 50 grams or more of methamphetamine, one count of possession with the intent to distribute methamphetamine, marijuana, and cocaine, and possession of a firearm in furtherance of drug trafficking. ECF No. 20. On August 15, 2022, the defendant entered into a plea agreement with the United States where he pleaded guilty to the lesser included offense of Count 1, and to Counts 4 and 5 of the indictment. ECF No. 44.

Between February 2020 and July 2021, Preston was involved in a drug trafficking organization impacting the Martinsville/Danville area. *See* Statement of Facts, ECF No 46. Preston was assisting a Source of Supply for narcotics, delivering packages on his behalf. *Id*. Preston was also directly selling narcotics. *Id*. Ultimately, law enforcement executed a search warrant of his residence in July 2021 where Preston attempted to run from the scene, carrying 13 pounds of marijuana. *Id*. Inside the house, law enforcement found another 19 pounds of marijuana, 4 grams

of methamphetamine, and a cocaine press. *Id*. Law enforcement also found an Anderson Manufacturing Model AM-15 AR-15 pistol/rifle loaded with 28 rounds beside the bed on a dresser that contained $20,079 in United States currency in drug trafficking proceeds. *Id*. Preston also had another firearm in his vehicle on the property. *Id*.

On January 24, 2023, Preston was sentenced by this Court to a total sentence of 84 months. On June 17, 2025, Preston filed a *pro se* Motion for Compassionate Release. ECF No. 75. On August 7, 2025, that Motion was supplemented by the Office of the Federal Public Defender. ECF No. 81. In his amended motion, Preston argues that he has been diagnosed with pyelonephritis and an acute kidney injury which is an extraordinary and compelling reason for release. *Id*. at 4. Preston's projected release date is December 27, 2028. He has served approximately 34% of his sentence.

**ARGUMENT**

Preston's motion is insufficient to compel the Court to terminate the active incarceration portion of his sentence. He has failed to provide a rare and extraordinary circumstance justifying compassionate release.

### I.    Preston has demonstrated exhaustion of administrative remedies.

As an initial matter, any defendant seeking a reduction in sentence through compassionate release must establish that they have exhausted administrative remedies. Section 3582(c)(1)(A) permits the Court to grant a motion for compassionate release, but only if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The regulation

governing the form of an inmate's request for compassionate release states:

> (a) A request for a motion under 18 U.S.C. 4205(g) or 3582(c)(1)(A) shall be submitted to the Warden. Ordinarily, the request shall be in writing, and submitted by the inmate. An inmate may initiate a request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. The inmate's request shall at a minimum contain the following information:
>
> > (1) *The extraordinary or compelling circumstances that the inmate believes warrant consideration.*
> >
> > (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a).

Here, Preston submitted his denial for a reduction in sentence from the Warden of his facility. ECF No. 75-1. Further, defense counsel for Preston made a second request in June 2025. Accordingly, Preston has met this statutory requirement.

## II.    Preston fails to meet the applicable standard for compassionate release.

### a.  The legal framework

Preston fails to provide an extraordinary and compelling reason for release. Compassionate release is an "exception to [the] rule" that "[a] sentencing court, may not, as a general matter, modify a term of imprisonment once it has been imposed." *United States v. Ferguson*, 55 F.4th 262, 267–68 (4th Cir. 2022) (citations omitted). The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), authorizes courts to reduce a defendant's term of imprisonment if three conditions

are met: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the Section 3553(a) sentencing factors merit a reduction. *See United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The defendant bears the burden of showing extraordinary and compelling reasons. *See United States v. Hargrove*, 30 F.4th 189, 195 (4th Cir. 2022); *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

For years, the second of these prongs was essentially a nullity, because there were no "applicable policy statements" by the Sentencing Commission for the Court to consider. *McCoy*, 981 F.3d at 284. But in April 2023, the Sentencing Commission promulgated amendments to U.S.S.G. § 1B1.13 which outlined the cognizable "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The amendments became effective in November 2023.

As amended, § 1B1.13 identifies six grounds for "extraordinary and compelling reasons," which may exist in isolation, or in combination. These grounds are:

1. The medical circumstances of the defendant;

2. The age of the defendant;

3. The family circumstances of the defendant;

4. Physical or sexual victimization of the defendant while in custody;

5. "Other reasons," "similar in gravity" to those described above; or

6. An "unusually long sentence."

*Id.* (b).

**b. Preston fails to demonstrate his medical conditions are extraordinary or compelling.**

In deciding whether a prisoner's reasons for seeking early release are "extraordinary and compelling," the court's discretion is limited by the policy statement at §1B1.13(b) of the U.S. Sentencing Guidelines. *See United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Among other things, the policy statement says that an extraordinary and compelling reason for release exists if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B). Alternatively, a defendant's medical conditions can be extraordinary or compelling if the condition "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). Preston meets neither of these requirements.

First, with respect to subsection (B), Preston has not demonstrated any of his conditions "substantially diminish [his] ability . . . to provide self-care." *Id.* § 1B1.13(b)(1)(B). Preston asserts he has "pyelonephritis and an acute kidney injury (AKI)." Motion, ECF No. 81. While Preston describes extensive medical care he has received during his incarceration, there is no assertion that he is incapable of selfcare in prison. *Id.* This Court has similarly rejected such attempts to obtain compassionate release by merely describing the defendant's medical history without any evidence that they preclude the defendant's ability to provide selfcare in prison. *See, e.g.*, *United States v. Dowell*, 2025 WL 644291, at *5 (W.D. Va. Feb. 27, 2025) (finding defendant failed to demonstrate COPD and asthma precluded ability to provide selfcare); *United States v. Turpin*, 2025 WL 1150728, at *2–3 (W.D. Va. Apr. 17, 2025) (finding the record and allegations failed to

5

demonstrate hypertension, diabetes, hyperlipidemia, obesity, and degenerative back disease warranted compassionate release).

Second, Preston likewise fails to establish extraordinary and compelling under subsection (C). Preston primarily claims mismanaged care at FCI Butner. Motion, ECF No. 81 at 4-12. He describes multiple attempts by BOP to treat him for his condition, including sending him to the nearby hospital. *Id*. And while Preston explains the extensive medical treatment he has received while incarcerated—and his conclusory assertions as to what he deems to be inadequate—he fails to meet his burden of proving he is not receiving the necessary medical care and that the absence of that medical care would put his health at risk of serious deterioration or death. In fact, the lengthy timeline of the care Preston has received demonstrates BOP's ability to assess and treat the situation properly. While Preston asserts he believes he would receive better medical care if released, "a mere disagreement with the medical care being provided is not a basis for compassionate release." *United States v. Kellam*, 2024 WL 477023, at *4 (W.D. Va. Feb. 7, 2024).

Preston fails to meet his burden of demonstrating exceptional and compelling reasons for release, and the Court should deny his motion.

## II.    The Section 3553(a) Factors Support Continued Detention

Preston has served approximately 34% of his 84-month sentence. He received that sentence for trafficking in a substantial quantity of methamphetamine and marijuana. While he did not have any prior criminal history, Preston's conduct was aggravated by his possession and use of firearms to protect his supply of narcotics and proceeds of involvement in trafficking narcotics. This conduct is of the most serious because of the danger guns and drugs combined create. These factors, including the seriousness of Preston's conduct, remain unchanged. Accordingly, the

6

3553(a) factors support continued detention, and the Court should deny the defendant's Motion.

Respectfully submitted,

Robert N. Tracci
Acting United States Attorney

/s/ Sean M. Welsh
Sean M. Welsh
VA Bar No. 89660
Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:   434.293.4283
Sean.Welsh@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2025, I filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record.


By:    /s/ Sean M. Welsh
        Sean M. Welsh
        Assistant United States Attorney