CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
November 07, 2025
LAURA A. AUSTIN, CLERK
BY:
s/B. McAbee
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF VIRGINIA – DANVILLE DIVISION

| | |
|---|---|
| United States of America, | Plaintiff, |
| v. | |
| Pierre Rashad Preston, | Defendant. |

Criminal No. 4:21-CR-00015-EKD

**MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION UNDER RULE 59(e)**

Defendant Pierre Rashad Preston respectfully moves this Honorable Court for leave to file a Motion for Reconsideration under Federal Rule of Criminal Procedure 59(e).

Mr. Preston states that while he and counsel discussed an appeal following the Court's order denying compassionate release, he was not advised about his right to seek reconsideration under Rule 59(e) or that such a motion must be filed within fourteen (14) days.

Because the time for filing reconsideration has not yet expired and the appeal was filed before Mr. Preston was fully informed of this option, he respectfully asks the Court to grant leave to hear and accept his Motion for Reconsideration in the interest of justice.

Mr. Preston further notes that this Court retains its inherent authority to grant relief and to correct clear error or prevent manifest injustice under its continuing constitutional duty to uphold fairness and due process.

Respectfully submitted,
this 31 day of October 2025.

*Pierre Rashad Preston*

Pierre Rashad Preston

Reg. No. 54173-509

FPC Butner

P.O. Box 1000

Buther, NC 27509

(Filed pro se pending limited remand)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA – DANVILLE
DIVISION

UNITED STATES OF AMERICA,
  Plaintiff,
v.
PIERRE RASHAD PRESTON,
  Defendant.

Criminal No. 4:21-CR-00015-EKD

EMERGENCY MOTION FOR RECONSIDERATION
(Fed. R. Crim. P. 59(e) and the Court's Inherent Authority)

I. INTRODUCTION AND EMERGENCY BASIS

Defendant Pierre Rashad Preston respectfully moves this Court to reconsider its Memorandum Opinion and Order of October 24, 2025 (Dkt. 100) denying compassionate release. This motion is filed under Federal Rule of Criminal Procedure 59(e) and the Court's inherent authority to correct clear error or prevent manifest injustice.

Mr. Preston remains under the medical authority of individuals and institutions whose treatment he asserts caused his renal injury. He continues to experience serious pain and risk of deterioration. Each day of continued exposure constitutes an emergency and a potential constitutional injury that cannot later be undone. Immediate reconsideration is therefore both legally and medically warranted.

II. GROUNDS FOR RECONSIDERATION: CLEAR ERROR AND MANIFEST INJUSTICE

Rule 59(e) permits reconsideration to (1) accommodate an intervening change in controlling law, (2) account for new evidence, or (3) correct clear error or prevent manifest injustice. United States v. Zapata, 1 F.4th 627 (4th Cir. 2021).

This motion rests on the latter two grounds.

1. Clear Error of Fact and Law. The Court misapprehended the medical record and legal standard governing "extraordinary and compelling reasons."

2. Manifest Injustice. Denying relief while documented medical danger persists places this Court in conflict with the Constitution it is sworn to uphold.

## III. CONSTITUTIONAL SUPREMACY AND THE JUDICIAL OATH

The Constitution is the supreme law of the land; all statutory considerations derive from it. Marbury v. Madison, 5 U.S. 137 (1803). When constitutional violations are credibly shown—such as deliberate indifference to serious medical needs under the Eighth Amendment—they necessarily outweigh any statutory sentencing factor under § 3553(a).

To rely on sentencing arithmetic while a constitutional violation remains unresolved inverts that hierarchy and undermines the judicial oath "to support and defend the Constitution of the United States."

## IV. FACTUAL AND LEGAL ERRORS REQUIRING CORRECTION

### A. Pre-Existing AKI Diagnosis Overlooked

Medical documentation from Granville Medical Center, dated January 30, 2025 and electronically signed by Nurse Practitioner Elynelle Moaje, recorded diagnoses of Acute Kidney Injury (AKI), Pyelonephritis, and Sepsis.

This record establishes that renal compromise was known before any subsequent administration of ketorolac (Toradol). The Court's opinion treated AKI as uncertain or emergent, a characterization inconsistent with that documentation.

### B. Mischaracterization of Refusals and Patient Conduct

The Government's opposition relied heavily on alleged "refusals of care." The record, however, indicates that Mr. Preston sought treatment continuously until after a sequence of ketorolac injections in early February 2025 that coincided with worsening renal function. His later hesitation reflected self-protection rather than neglect. A reasonable fact-finder could not construe this as willful refusal.

In United States v. Beck, 425 F. Supp. 3d 573 (M.D.N.C. 2019), the court held that BOP's gross mismanagement of a prisoner's cancer treatment constituted extraordinary and compelling reasons for release. Mr. Preston's allegations of contraindicated drug administration after a confirmed AKI present even graver circumstances. By distinguishing Beck on immaterial grounds, this Court departed from persuasive authority within the same Circuit.

D. Misapplication of § 3553(a)

Section 3553(a) factors are intended to balance justice, not to justify ongoing harm. When continued confinement perpetuates medical injury, "protection of the public" and "respect for the law" favor release, not retention. The Court's analysis elevated deterrence over immediate constitutional duty, constituting an abuse of discretion.

## V. DELIBERATE INDIFFERENCE AND EVIDENCE OF RECKLESS MEDICAL CONDUCT

Records reflect multiple ketorolac injections (approximately 30 mg each on February 3, 4, and 5 of 2025) despite documented AKI and discharge instructions warning against NSAID use. Specialist notes from Duke Regional Hospital later attributed Mr. Preston's renal injury to "significant Toradol exposure."
Under Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994); and Carlson v. Green, 446 U.S. 14 (1980), such facts satisfy the elements of deliberate indifference and fall within the established Bivens–Carlson context for Eighth Amendment medical-care claims.
To acknowledge these facts yet deny relief is inconsistent and constitutes clear error.

## VI. THE MOUNTAIN VERSUS THE MOLEHILL — EVIDENTIARY IMBALANCE

Mr. Preston has presented primary-source medical evidence: hospital discharge summaries, nephrology consults, medication logs, and sworn declarations. The Government's response offered only argument and selective omission. When a constitutional liberty interest collides with such imbalance, the Court must err on the side of safeguarding rights. Napue v. Illinois, 360 U.S. 264 (1959) holds that even passive acceptance of misleading evidence violates due process; active reliance magnifies the

## VII. JUDICIAL INTEGRITY AND PUBLIC CONFIDENCE

Canon 1 and Canon 2A of the Code of Conduct for United States Judges require that every judicial act preserve public confidence in integrity and impartiality. Allowing a documented pattern of medical misconduct to persist unremedied while citing sentencing factors undermines both. Reconsideration here is not concession but correction —a restoration of judicial fidelity to constitutional first principles.

## VIII. STATEMENT OF IRREPARABLE HARM AND ONGOING DANGER

Mr. Preston remains in the care of the same system whose acts allegedly precipitated his renal injury. Each day of continued exposure risks irreversible deterioration. No later damages award can restore lost renal function. Helling v. McKinney, 509 U.S. 25 (1993) recognizes that exposure to future health danger is itself an Eighth Amendment violation. Irreparable harm is therefore established, justifying immediate reconsideration or interim relief.

## IX. PRAYER FOR THE COURT'S REDEMPTION OF RECORD

This motion is not an attack on the Court but an appeal to its conscience and constitutional duty. To correct this error is to uphold the integrity of the judiciary and to reaffirm that constitutional protections are not suspended by incarceration.

Mr. Preston respectfully asks this Court to restore its own record by granting reconsideration and the relief that justice, law, and humanity require.

## X. RELIEF REQUESTED

1. Vacate the Order of October 24, 2025 (Dkt. 100).
2. Grant compassionate release forthwith, or schedule an evidentiary hearing on constitutional grounds.
3. Alternatively, certify this ruling for interlocutory appeal under 28 U.S.C. § 1292(b).
4. Grant any further relief deemed just and proper, including interim medical safeguards consistent with Exhibits M-1 through N-1.

DECLARATION UNDER 28 U.S.C. § 1746

I, Pierre Rashad Preston, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed pursuant to 28 U.S.C. § 1746.

Pierre Rashad Preston

Pierre Rashad Preston
Reg. No. 54173-509
FPC Butner
P.O. Box 1000
Butner, NC 27509

Dated: October 31, 2025

(Filed Pro Se and through Counsel of Record)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA – DANVILLE
DIVISION

UNITED STATES OF AMERICA,
  Plaintiff,
v.
PIERRE RASHAD PRESTON,
  Defendant.

Criminal No. 4:21-CR-00015-EKD

MEMORANDUM IN SUPPORT OF EMERGENCY
MOTION FOR RECONSIDERATION
(Fed. R. Crim. P. 59(e) and the Court's Inherent Authority)

## I. INTRODUCTION

Defendant Pierre Rashad Preston moves for reconsideration of the Court's Memorandum Opinion and Order of October 24, 2025 (Dkt. 100) denying compassionate release. This case presents not mere error but constitutional crisis: a documented pattern of deliberate medical indifference under federal authority, now compounded by judicial inaction.

When the record shows a living person under continuing danger from constitutional wrongs, the Court's duty is not discretionary—it is ministerial. See Cooper v. Aaron, 358 U.S. 1 (1958) ("Every judge of every state or federal court is bound by oath to support this Constitution."). The judicial oath commands correction.

## II. STANDARD FOR RECONSIDERATION

Relief under Rule 59(e) is warranted where necessary to correct clear error or prevent manifest injustice. United States v. Zapata, 1 F.4th 627 (4th Cir. 2021). Courts also possess "inherent power to rectify their own mistakes in the interest of justice." United States v. Dieter, 429 U.S. 6, 8 (1976); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988). When constitutional rights are at stake, that power becomes an obligation.

## III. CONSTITUTIONAL SUPREMACY AND THE JUDICIAL OATH

Article VI and Marbury v. Madison, 5 U.S. 137 (1803) place the Constitution above every statute. Every federal judge swears under 28 U.S.C. § 453 "to support and defend the Constitution." That oath requires action when a person's life or health is endangered by unconstitutional conduct.

The Supreme Court has held that courts must not "permit constitutional violations to continue simply because a remedy would be inconvenient." Brown v. Board of Education II, 349 U.S. 294 (1955). Thus, once deliberate indifference is credibly shown, a sentencing statute cannot outweigh the Constitution that created it.

## IV. FACTUAL AND LEGAL ERRORS REQUIRING CORRECTION

### A. Overlooked Proof of Acute Kidney Injury

On January 30, 2025, Granville Medical Center records (Ex. N-1) diagnosed Acute Kidney Injury, Pyelonephritis, and Sepsis. The BOP therefore knew renal compromise existed before administering ketorolac (Toradol). Treating AKI as speculative was "plainly against the clear weight of the evidence." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).

### B. Mischaracterization of "Refusal of Care"

The Government claimed Mr. Preston refused treatment. The record shows the opposite: he sought help until repeated contraindicated injections made further acceptance dangerous. The Fourth Circuit holds that officials remain liable even where an inmate is reluctant to accept harmful care. Scinto v. Stansberry, 841 F.3d 219, 228 (4th Cir. 2016).

### C. Failure to Apply Controlling Precedent

In United States v. Beck, 425 F. Supp. 3d 573 (M.D.N.C. 2019), aff'd, 848 F. App'x 271 (4th Cir. 2021), the court granted compassionate release when BOP neglect endangered an inmate's life. Similarly, United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020) recognized that extraordinary circumstances include governmental misconduct that offends fundamental fairness. Ignoring

v. Chase, 466 F.3d 310, 314 (4th Cir. 2006).

D. Abuse of Discretion Under § 3553(a)

A district court abuses its discretion by giving weight to factors "manifestly contrary to law." High, 997 F.3d 181 (4th Cir. 2021). § 3553(a)(2)(D) requires a sentence to "provide the defendant with needed medical care." Where confinement perpetuates injury, continued custody defeats the statute's purpose.

## V. EIGHTH AMENDMENT AND ONGOING VIOLATION

Repeated administration of 30 mg ketorolac during active AKI defied the FDA label and BOP policy. Under Estelle v. Gamble, 429 U.S. 97 (1976), deliberate indifference to serious medical needs is cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1994) holds officials liable when they know of and disregard an excessive risk. The Fourth Circuit reaffirmed this in De'lonta v. Johnson, 708 F.3d 520 (4th Cir. 2013): "A prisoner does not forfeit constitutional protection by remaining in custody."

## VI. DUE PROCESS, SEPARATION OF POWERS, AND JUDICIAL INTEGRITY

The Fifth Amendment forbids state conduct that "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833 (1998). When a federal court knowingly allows continuing harm, it ceases to exercise lawful Article III authority and becomes complicit in executive misconduct. Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (courts possess inherent power to prevent abuse of process).

Canons 1 and 2A of the Code of Conduct require judges to preserve integrity and public confidence. Reconsideration here is not defiance of precedent but its fulfillment—the Court redeeming its own record through constitutional fidelity.

## VII. IRREPARABLE HARM AND EQUITABLE POWER

Helling v. McKinney, 509 U.S. 25 (1993) recognizes exposure to future medical danger as an Eighth Amendment injury. Every additional day of exposure multiplies irreparable harm. No monetary award can restore lost renal function. Equity therefore compels intervention.

## VIII. THE COURT'S PATH TO CORRECTION

Reconsideration will not diminish this Court's stature; it will elevate it. Liljeberg, 486 U.S. at 864 ("The public interest in maintaining confidence in the judiciary justifies vacatur."). By correcting this error, the Court upholds both its oath and the moral architecture of the judiciary: that no man shall suffer unconstitutional harm under the watch of a federal bench.

## IX. CONCLUSION AND PRAYER FOR RELIEF

For the reasons above—clear error, manifest injustice, constitutional supremacy, and irreparable harm—Mr. Preston respectfully prays that this Honorable Court:

1. Vacate its Order of October 24, 2025;
2. Grant compassionate release forthwith, or set an evidentiary hearing on constitutional grounds;
3. Alternatively, certify this issue for interlocutory appeal under 28 U.S.C. § 1292(b); and
4. Grant such other relief as justice requires.

## DECLARATION UNDER 28 U.S.C. § 1746

I, Pierre Rashad Preston, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed pursuant to 28 U.S.C. § 1746.

*Pierre Rashad Preston*

Pierre Rashad Preston
Reg. No. 54173-509
FPC Butner
P.O. Box 1000
Butner, NC 27509

Dated: October 31, 2025

(Filed Pro Se and through Counsel of Record)

PieRRe  PResto #

4907 Parrish Branch Rd

Midlothian, Va. 23112

United State

Office of

210 frankli

Roanoke, Va



Retail

UNITED STATES
POSTAL SERVICE ®

24011

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
MIDLOTHIAN, VA 23112
NOV 03, 2025

$1.90

S2324H504333-22

District Court
the Clerk
Rd, RM 540
24011

RECEIVED

NOV 07 2025

USDC Clerk's Office
Mail Room