UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA – DANVILLE DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

PIERRE RASHAD PRESTON,
Defendant.

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

NOV 07 2025

LAURA A. AUSTIN, CLERK
BY:
DEPUTY CLERK

Criminal No. 4:21-CR-00015-EKD

## EMERGENCY MOTION FOR RELEASE PENDING APPEAL
Pursuant to 18 U.S.C. § 3143(b), Fed. R. Crim. P. 59(e), and the Court's Inherent Authority

### I. INTRODUCTION AND EMERGENCY BASIS
Defendant Pierre Rashad Preston respectfully moves this Honorable Court for emergency release on bond pending appeal under 18 U.S.C. § 3143(b), Fed. R. Crim. P. 59(e), and the Court's inherent power to prevent manifest injustice.

Mr. Preston remains in the custody of the same medical system whose acts precipitated his renal injury. He now endures acute, radiating pain across the lower back, groin, and genital region, consistent with renal-stone obstruction or urinary-tract blockage, without prompt imaging or intervention. Each day of delay magnifies the risk of irreversible kidney damage or sepsis.

This motion seeks temporary release pending appeal—not leniency, but lawful preservation of life. Stack v. Boyle, 342 U.S. 1 (1951) reminds that liberty is the constitutional norm; detention is the exception. United States v. Salerno, 481 U.S. 739 (1987) reaffirms that principle even post-conviction. Detention amid active medical danger offends both law and conscience.

### II. LEGAL STANDARD
Under 18 U.S.C. § 3143(b), release pending appeal is warranted when:
1. The defendant is not likely to flee or pose a danger; and
2. The appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or sentence reduction.

A "substantial question" need only be close or debatable, not certain of success. United States v. Steinhorn, 927 F.2d 195 (4th Cir. 1991). Where constitutional liberty and bodily integrity are at stake, the Court's duty is to preserve life until appellate review resolves the issue. United States v. Perholtz, 836 F.2d 554 (D.C. Cir. 1987).

### III. MR. PRESTON IS NOT A FLIGHT RISK OR DANGER TO THE COMMUNITY
Mr. Preston was on federal pre-trial release for approximately sixteen months before voluntarily self-surrendering on January 13, 2023. During that entire period he complied with every condition of supervision, appeared at every proceeding, maintained lawful employment and stable housing, and incurred no violations. He has no history of violence and no disciplinary infractions in custody.

If released, he will again reside with his father, Mr. Harry Estes, at the same verified residence previously approved by U.S. Pretrial Services. Mr. Estes has agreed to act as third-party custodian and ensure strict compliance with all supervision conditions. This unbroken record of trust and compliance demonstrates—by clear and convincing evidence—that Mr. Preston poses neither a flight risk nor a danger, satisfying § 3143(b)(1)(A).

## IV. SUBSTANTIAL QUESTIONS OF LAW AND FACT

Mr. Preston's pending Rule 59(e) motion and compassionate-release appeal raise grave constitutional questions:

1. Whether repeated administration of contraindicated Toradol injections after a documented acute-kidney-injury diagnosis constitutes deliberate indifference under Estelle v. Gamble, 429 U.S. 97 (1976), and Farmer v. Brennan, 511 U.S. 825 (1994);
2. Whether the Bureau of Prisons' continued custody of a medically endangered inmate violates due process and § 3582(c)(1)(A); and
3. Whether denial of compassionate release despite undisputed medical endangerment conflicts with United States v. Beck, 425 F. Supp. 3d 573 (M.D.N.C. 2019), United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), and United States v. High, 997 F.3d 181 (4th Cir. 2021). ·

Any of these questions, if resolved in his favor, mandates release or reduction of sentence —meeting § 3143(b)(1)(B).

## V. EXCEPTIONAL CIRCUMSTANCES AND ONGOING MEDICAL DANGER

Mr. Preston's symptoms—constant flank pain, groin pressure, and urinary difficulty—are consistent with renal obstruction. Untreated obstruction can cause infection, septicemia, and irreversible renal loss.

Under Estelle, Helling v. McKinney, 509 U.S. 25 (1993), and Carlson v. Green, 446 U.S. 14 (1980), exposure to a known medical threat constitutes cruel and unusual punishment. Because he remains under the same medical authority that previously administered contraindicated care, each day of confinement deepens the constitutional violation. Immediate release is the only measure that can prevent irreparable injury while the appeal proceeds.

## VI. CLEAR ERROR, MANIFEST INJUSTICE, AND THE COURT'S OATH

The Constitution is supreme law. Marbury v. Madison, 5 U.S. 137 (1803). When credible evidence of Eighth-Amendment injury exists, judicial duty supersedes administrative convenience. Continuing confinement under known danger inverts that hierarchy and erodes confidence in the judiciary's integrity. Granting release honors—not stretches— the Court's oath "to support and defend the Constitution of the United States."

## VI-A. MISAPPLICATION OF § 3553(a) AND FAILURE TO RECOGNIZE CONSTITUTIONAL SUPREMACY

In denying compassionate release, the Court relied chiefly on the § 3553(a) sentencing factors and concluded that Mr. Preston failed to demonstrate "extraordinary and compelling reasons." That reasoning misapplies both statute and Constitution.

Fourth Circuit precedent—McCoy and High—requires that the extraordinary-and-compelling inquiry precede and guide the § 3553(a) analysis. To collapse those steps subordinates constitutional injury to sentencing discretion. Where credible Eighth-Amendment violations are shown, § 3553(a) cannot lawfully justify continued confinement. This error alone presents a substantial question of law sufficient to warrant release under § 3143(b)(1)(B).

## VII. EQUITABLE AND CONSTITUTIONAL CONSIDERATIONS

Equity amplifies what law commands. Napue v. Illinois, 360 U.S. 264 (1959). Bond pending appeal here protects not only Mr. Preston's health but the integrity of judicial review itself. Public confidence in the courts depends on the assurance that constitutional wrongs will not continue once known.

Granting release would affirm that confidence. Denying it would leave the judiciary complicit in preventable harm. The law permits this Court to act. The Constitution compels it.

## VIII. PRAYER FOR RELIEF

For these reasons, Mr. Preston respectfully requests that this Honorable Court:

1. Grant release pending appeal pursuant to 18 U.S.C. § 3143(b); or
2. Alternatively, exercise its inherent humanitarian authority to order temporary release

pending appellate resolution; and

3. Impose any supervision conditions deemed appropriate, including residence with Mr. Harry Estes under U.S. Probation oversight.

Respectfully submitted,

*Pierre Rashad Preston*

Pierre Rashad Preston
Reg. No. 54173-509
FPC Butner
P.O. Box 1000  Butner, NC 27509


Executed pursuant to 28 U.S.C. § 1746:
I declare under penalty of perjury that the foregoing is true and correct.


Date: *October 31, 2025*
Signature: *Pierre Rashad Preston*   Pierre Rashad Preston