CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

NOV 14 2025

LAURA A. AUSTIN, CLERK
BY: Dk
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF VIRGINIA – DANVILLE DIVISION

United States of America,
Plaintiff,

v.

Pierre Rashad Preston,
Defendant.

Criminal No. 4:21-CR-00015-EKD-1

**NOTICE TO THE COURT REGARDING RESPONDENT'S OMISSION OF MATERIAL FACTS AND DUTY OF CANDOR**

## I. Purpose of This Notice

This Notice is filed in good faith and not for delay. It is intended to safeguard the appearance and reality of justice by ensuring that the Court's consideration of Mr. Preston's constitutional claims is fully informed. See Marbury v. Madison, 5 U.S. 137 (1803).

## II. Material Facts Omitted from the Government's Response

1. The government's response relied almost exclusively on alleged "refusals of care," events that occurred after the onset of acute kidney injury ("AKI") and repeated administrations of ketorolac (Toradol).
2. Medical records from Granville Medical Center (Jan 30 2025) and Duke Regional Hospital confirm AKI, pyelonephritis, and sepsis diagnoses before those injections.
3. Specialist notes expressly linked Mr. Preston's renal deterioration to "significant Toradol exposure."
4. By omitting these pre-existing facts, the response presented an incomplete narrative and deprived the Court of the chronology essential to determine causation and deliberate indifference under Estelle v. Gamble, 429 U.S. 97 (1976).

## III. Duty of Candor and Institutional Integrity

Officers of the Court have an affirmative duty to present material facts accurately and completely. See United States

v. Shaffer Equip. Co., 11 F.3d 450 (4th Cir. 1993). When the government omits information showing potential constitutional violations, the omission risks undermining both the outcome and public confidence in the judicial process. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988).

The Department of Justice's duty of candor continues throughout litigation. 28 U.S.C. § 530B (subjecting government attorneys to the same professional-conduct rules as other counsel) and ABA Model Rule 3.3 require disclosure of material facts necessary to prevent the Court from being misled.

## IV. Interests of Justice and Institutional Integrity

The Court's inherent authority extends to correcting errors that, if left unaddressed, would impair the appearance of justice. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991). Because the omissions described above concern known medical events implicating constitutional rights, Mr. Preston respectfully urges that the Court consider this Notice as an aid to maintaining the integrity of these proceedings and the confidence placed in Article III courts.

## V. Request

Mr. Preston respectfully requests that the Court:
1. Take judicial notice of the omitted material facts identified herein; and
2. Direct the Clerk to transmit a copy of this Notice to the United States Attorney's Office so that respondent's counsel may fulfill any continuing duty of candor owed to the Court.

This request seeks no delay but aims to ensure that all decisions are made upon the full, truthful record to which the Constitution entitles every litigant.

## DECLARATION

I, Pierre Rashad Preston, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this 11th day of November 2025, at FPC Butner, North Carolina.

Pierre Rashad Preston

Pierre Rashad Preston
Reg. No. 54173-509
FPC Butner
P.O. Box 1000
Butner, NC 27509

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2025, I placed the original of the foregoing Notice in the institutional mailing system, addressed to:

Clerk of Court
United States District Court
Office of the Clerk
210 Franklin Road, Room 540
Roanoke, VA 24011

Because Mr. Preston is proceeding pro se and in forma pauperis, service upon the United States Attorney's Office shall be accomplished by the Clerk pursuant to Rule 49 of the Federal Rules of Criminal Procedure.

Pierre Rashad Preston

Pierre Rashad Preston

Pierre Rashad Heston
4907 Parrish Branch Rd.
Midlothian, Va. 23112

Clerk of C
United Sta
Office of the
216 Frankl
Roanoke, Va

ourt

tes District Court

Clerk

n Road, Room 540

24011