CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
November 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 4:21-CR-00015 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| PIERRE RASHAD PRESTON | ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

By memorandum opinion and order entered on October 24, 2025, the court denied defendant Pierre Rashad Preston's *pro se* "motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)," as well as a supplemental motion filed by counsel appointed by the court. (Dkt. No. 100.) His requests in those motions were based on his assertions that he had been suffering from kidney infections that led to acute kidney injury and that the BOP medical staff had failed to properly treat him or had delayed treatment. In ruling on those motions and related motions, the court reviewed hundreds of pages of medical records and substantial briefing by Preston, his counsel, and the United States. Ultimately, the court assumed, without deciding, that Preston could establish extraordinary and compelling circumstances to render him eligible for a reduced sentence. (Mem. Op. at 12–13, Dkt. No. 100.) It nonetheless denied him relief after concluding that the 18 U.S.C. § 3553(a) factors did not support release. (*Id.* at 13–15.)

Four days after entry of that opinion and order, his appointed counsel filed a notice of appeal. (Dkt. No. 101.) Preston then filed two of his own motions, both pending before the court and addressed herein.[1] The first is a pro se motion for leave to file a motion for

---

[1] In addition to the motions, Preston has filed a "Notice to the Court Regarding Respondent's Omission of Material Facts and Duty of Candor." (Dkt. No. 106.) In it, he takes issue with the government's opposition brief to his compassionate-release requests, characterizing it as relying "almost exclusively on alleged 'refusals of care'" and accusing the government of omitting material and essential facts. (*Id.* at 1.) Those facts essentially show that he was given repeated administrations of Toradol after he had been diagnosed with acute kidney injury and that "specialist notes" linked his "renal deterioration to 'significant Toradol exposure.'" (*Id.*) He requests that the court "[t]ake judicial notice" of those facts and provide a copy to counsel for the government so that counsel "may fulfill

reconsideration of the court's order denying compassionate release, and it includes his proposed emergency motion for reconsideration with a supporting memorandum. (Dkt. No. 104.) The second seeks release pending appeal, relying on 18 U.S.C. § 3143(b), "Federal Rule Criminal Procedure 59(e)," and the court's "inherent authority."[2] (Dkt. No. 105.)

As an initial matter, Preston is represented by appointed counsel for purposes of his compassionate release motion, which also would encompass these same issues. Typically, a could does not consider pro se filings from a litigant who is represented by counsel. Nonetheless, given the circumstances here, where the court previously considered both Preston's *pro se* compassionate-release motion (and other motions) and the supplemental motion filed through counsel, the court will address both pending motions.

First, as for his motion for leave to file a motion to reconsider, he states that he did not realize he had a right to seek relief under Rule 59(e). So, although he wanted to appeal, he also wanted the court to reconsider its ruling first. He asks that the court consider his attached motion to reconsider, grant that motion, and release him.

The court first notes that Rule 59(e) does not apply to a motion under § 3582. *United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010). Instead, the Fourth Circuit has instructed district courts to treat such a motion as a "new motion for compassionate release." *United States v. Hedspeth*, No. 22-6943, 2023 WL 7124547, at *1 (4th Cir. Oct. 30, 2023).

Following that instruction, the court will construe Preston's motion as a new motion for

---

any continuing duty of candor owed to the Court." (*Id.* at 2.) The court had access to those facts through Preston's medical records when it ruled on his prior motions, although it did not describe in detail all of his medical treatment, as it noted. (Mem. Op. 2–3, Dkt. No. 100.) The court has nonetheless considered the information anew in ruling herein.

[2] In both motions, Preston cites to Federal Rule of *Criminal* Procedure 59(e), but that general Rule contains no subsection (e) and refers to matters before a magistrate judge. Based on the substance of Preston's motions, it is clear he is referring to Federal Rule of *Civil* Procedure 59(e), which is not applicable in this case, as discussed *infra*.

compassionate release, encompassing all the information provided in conjunction with his prior motions, as well as the arguments in his motion and supporting memorandum. Among others,[3] he contends the court has made certain "factual errors," he asserts that his refusals of care were self-protection and not a "willful refusal" to receive treatment, and he raises various challenges to the court's legal conclusions and application of the § 3553(a) factors. He presents no additional factual evidence or medical documentation concerning events after the court's prior decision, however. And none of his arguments alter the court's conclusion that the § 3553(a) factors do not support his release, for the reasons the court discussed in its initial memorandum opinion. For those reasons, and treating his motion as a new compassionate release motion, it will be denied.

Preston also asks the court to "certify this ruling for interlocutory appeal under 28 U.S.C. § 1292(b)." (Mot. 6, Dkt. No. 104.) But in light of its ruling on his initial motions and now this new motion, that relief is unnecessary. If he would like to appeal this denial, he may file a new notice of appeal.

As for Preston's second motion, in addition to relying on Rule 59(e), it cites 18 U.S.C. § 3143(b), the portion of the Bail Reform Act that allows a convicted individual to be released after sentencing and pending appeal if he meets certain criteria. It is unclear whether § 3143(b) even applies in the context of an appeal from the denial of a compassionate release motion. The Seventh and Ninth Circuits have expressly held that the Bail Reform Act does not apply to post-

---

[3] As he did in his original *pro se* compassionate-release motion, Preston also cites to standards from civil cases in which a prisoner asserts an Eighth Amendment claim for deliberate indifference to his serious medical needs. And as the court did in its opinion, it notes again:

> Claims that the Bureau of Prisons or its medical personnel are providing grossly inadequate medical care may have a remedy in an appropriate civil action, such as a Federal Tort Claims Act lawsuit or a *Bivens* action. Such allegations also may give rise to state-law tort claims. And it may be possible for Preston to obtain preliminary injunctive relief through one of those avenues.

(Mem. Op. 8 (internal footnote omitted), Dkt. No. 100.)

conviction motions. *See United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) ("The Bail Reform Act does not apply to federal prisoners seeking postconviction relief."); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (explaining that the statute "is inapplicable to a convicted defendant who is seeking postconviction relief"). The Sixth and Tenth Circuits have assumed, without deciding, that it does apply and have proceeded to analyze the requests under § 3143(b). *See United States v. Akers*, 851 F. App'x 135, 135–36 (10th Cir. 2021) ("[W]e are not convinced the Bail Reform Act applies to his request for release pending appeal from the denial of his post-conviction motion for compassionate release. . . . We need not resolve that question in this case, however, because under either § 3143(b) of the Bail Reform Act or the standards this and other courts have applied to similar requests for release involving post-conviction motions, Mr. Akers has not shown he is entitled to release pending appeal."); *United States v. Stoltz*, 2022 U.S. App. LEXIS 32243, at *1 (6th Cir. Nov. 22, 2022) ("Assuming, without deciding, that 18 U.S.C. § 3143 governs release pending appeal of the denial of compassionate release . . . Stoltz does not satisfy its requirements."). The Fourth Circuit does not appear to have spoken on this issue.

In the situation where a federal prisoner seeks release on recognizance or bail pending resolution of a post-conviction motion, such as a motion under 28 U.S.C. § 2255, the Fourth Circuit requires he "show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *United States v. Eliely*, 276 F. App'x 270, 270 (4th Cir. 2008) (citations omitted).

Like the *Akers* and *Stoltz* courts, this court need not decide if § 3143(b) applies in this context. Regardless of whether the court applies its standard or the standard described in *Eliely*

4

for § 2255 appeals, it concludes that Preston has not satisfied it. Accordingly, his motion for release pending appeal also will be denied.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. Preston's motion for leave to file a motion for reconsideration (together with the motion for reconsideration and supporting memorandum attached thereto) (Dkt. No. 104) is hereby CONSTRUED as a motion for compassionate release and is DENIED; and

2. Preston's motion for release pending resolution of his appeal of the court's denial of his motion for compassionate release motions (Dkt. No. 105) is DENIED.

The Clerk is DIRECTED to provide a copy of this order directly to Preston and to all counsel of record, as well as to the Clerk for the United States Court of Appeals for the Fourth Circuit.

Entered: November 17, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge